Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>OSBIEL CARMONA RODRÍGUEZ<br><br>Peticionario | TA2026CE00773 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Crim. núm.: K SC2025G0295<br><br>Por: Art. 401.A.2 Ley 4 |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pérez Ocasio y la Jueza Trigo Ferraiuoli.

Sánchez Ramos, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 25 de junio de 2026

Luego de la correspondiente vista evidenciaria, el Tribunal de Primera Instancia ("TPI") denegó una solicitud de la defensa de suprimir cierta evidencia. Por las razones que se exponen a continuación, en el ejercicio de nuestra discreción, declinamos la invitación de la defensa a intervenir, en esta etapa, con la decisión recurrida.

I.

Luego de los trámites pertinentes, en octubre de 2025, el Sr. Osbiel Carmona Rodríguez (el "Imputado") fue acusado, en lo pertinente, de una violación a la ley de sustancias controladas (posesión de, con intención de distribuir, "la sustancia controlada conocida como cocaína").

El 30 de diciembre, el Imputado presentó una *Moción de Supresión de Evidencia* (la "Moción"). Alegó que la evidencia ocupada fue producto de un registro ilegal por haberse realizado sin orden judicial previa y sin motivos fundados. Arguyó que el testimonio del agente del orden público no merecía crédito por ser estereotipado. Sostuvo que dicho testimonio, a los efectos de que el

agente observó "unas bolsas transparentes a plena vista, en [su] mano[,] ... debe inducir a sospecha al tribunal, el cual tiene un mandato de escudriñarlo con especial rigor."

Luego de celebrada la correspondiente vista evidenciaria, mediante una Resolución notificada el 4 de marzo de 2026 (la "Resolución"), el TPI denegó la Moción.

El TPI consignó que el agente Andrés Ernesto Espinal Torres (el "Agente") declaró en la referida vista que observó, desde un lugar público, al Imputado, quien, en la calle, tenía "una bolsa plástica transparente la cual contenía en su interior bolsitas plásticas con polvo blanco de aparente cocaína". El Agente declaró que, al acercarse, el Imputado le dijo "flaco, cuánto necesitas". Al Agente identificarse al Imputado, este "responde tirándole la bolsa ... en el rostro" y corriendo para alejarse del Agente. En ese momento el Agente ocupó la evidencia en controversia.

El TPI razonó que la intervención del Agente "consistió en observar a plena vista, desde un área pública, donde no necesitaba autorización para estar, que el acusado poseía sustancias controladas". El TPI consideró que el testimonio del Agente "estuvo rodeado de detalles y descripciones en cuanto al lugar, sus observaciones, su intervención y las circunstancias en las que ocurrió la misma." El TPI concluyó que "el mero hecho de que la transacción se realizara a plena vista no hace el testimonio del Agente ... uno inherentemente irreal".

El 18 de marzo, el Imputado solicitó la reconsideración de la Resolución, lo cual fue denegado por el TPI mediante un dictamen notificado el 19 de mayo.

El 16 de junio, el Imputado presentó el recurso que nos ocupa, en el cual reproduce lo planteado en la Moción. El Imputado insiste en que el testimonio del Agente fue estereotipado y, al respecto, enfatiza que, en otros casos, contra otros imputados, el Agente

también ha declarado haber ocupado evidencia a plena vista luego de que el imputado se dirigiera a él con el apelativo "flaco" y le preguntara cuánto quería o necesitaba.  Por tanto, el Imputado arguye que el Agente sigue "un libreto en el que cambia el lugar de los hechos y las características físicas de la persona arrestada".  El Imputado acompañó el recurso con copia de la regrabación de la vista evidenciaria.  Disponemos.

II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005).  Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.  Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

La Regla 40 del Reglamento del Tribunal de Apelaciones ("Regla 40") establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

La denegación de una petición de expedición del auto de *certiorari* no impide a la parte afectada reproducir su planteamiento en apelación. *Torres Martínez, supra.*

III.

Considerados los factores de la Regla 40, *supra,* hemos determinado, en ejercicio de nuestra discreción, denegar el auto solicitado. No es aconsejable nuestra intervención en esta etapa de los procedimientos, lo cual dilataría innecesariamente la solución final de este caso. Regla 40(E) y (F) de nuestro Reglamento, *supra.*

Resaltamos que, luego del correspondiente juicio, y si le resultase adverso el fallo, el Imputado estará en libertad de reproducir su planteamiento de error en apelación, por lo que tampoco estamos ante una situación en la que se requiera nuestra intervención, en esta etapa, para evitar un fracaso de la justicia. Véase Regla 40(G) de nuestro Reglamento, *supra.*

IV.

Por los fundamentos antes expuestos, se deniega el auto de *certiorari* solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones